**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2343-23

MICHAEL HANUS, HANUS &
PARSONS LLC,

     Plaintiffs-Respondents,

v.

AUDI OF AMERICA, INC.,

     Defendant-Appellant.

_____

     Argued August 27, 2024 – Decided September 4, 2024

     Before Judges Gooden Brown and Vinci.

     On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3057-22.

     Steven A. Andreacchi argued the cause for appellant (Biedermann Hoenig Semprevivo, attorneys; Steven A. Andreacchi and Lucy M. Reynoso, on the briefs).

     Jonathan Rudnick argued the cause for respondent (The Law Office of Jonathan Rudnick, LLC, attorneys; Jonathan Rudnick, on the brief).

PER CURIAM

By leave granted, defendant Audi of America, Inc. (Audi) appeals from the March 1, 2024 order denying its motion for summary judgment on plaintiffs' claim pursuant to the New Jersey Motor Vehicle Warranty Act, N.J.S.A. 56:12-29 to -49, commonly known as the Lemon Law. Because the undisputed facts establish plaintiffs used the motor vehicle at issue primarily for commercial purposes, we reverse.

We glean these facts from the motion record. Michael Hanus is the managing partner and majority shareholder of Hanus & Parsons LLC (H&P). In August 2020, H&P as lessee and Hanus as co-lessee entered into a thirty-six-month lease agreement with Audi for a 2020 Audi S7 (the vehicle).

Hanus leased the vehicle in the name of H&P "[b]ecause [he] intended to use it for business purposes." He "needed a vehicle both for [his] business, primarily for [his] business, and then for [his] personal use, and [he] leased it under [H&P]." Hanus characterized his use of the vehicle as "[m]ore business" than personal. He did not consider the vehicle a "family car." Hanus used the vehicle to commute to and from H&P Monday through Friday, occasionally visit clients, and drive to the Monmouth County Courthouse. He generally did not use the vehicle on weekends. According to Hanus, he would not "put [his] kids

in" the vehicle "[b]ecause of the issues that [he] had with it." Instead, he used another larger vehicle when he was driving with his family.

H&P paid all amounts due in connection with the lease agreement, including the down payment, all amounts paid at the time of the lease signing, and all monthly lease payments. The vehicle was insured under a policy of insurance issued to both H&P and Hanus as insureds. H&P paid the insurance premiums for the policy. The New Jersey Motor Vehicle Commission leased vehicle registration card listed H&P as lessee, and H&P paid the annual registration fees. The vehicle was equipped with a commercial E-ZPass transponder associated with an account maintained and paid for by H&P. H&P also paid all fuel costs as well as all maintenance and repair costs for the vehicle.

According to Hanus, H&P declared the lease payments as business expense deductions on its corporate tax returns with a small mandatory chargeback to Hanus for personal use. H&P declared business use deductions for the lease payments of approximately seventy-five percent in 2020, seventy-three percent in 2021, forty-five percent in 2022, and seventy-one percent in 2023. In the aggregate, H&P claimed business use deductions amounting to sixty-six percent of the total lease payments for the vehicle. H&P also declared business use deductions for the insurance premiums, registration fees, fuel

3

expenses, repair and maintenance costs, and E-ZPass charges incurred in connection with the vehicle.

In November 2022, plaintiffs filed their complaint in this action alleging they "experienced significant difficulties with the performance of the vehicle rendering the vehicle a lemon under the" Lemon Law.[1]  After the completion of discovery, Audi moved for summary judgment.  Relying on our recent decision in Singer v. Toyota Motor Sales, U.S.A., Inc., 476 N.J. Super. 121 (App. Div. 2023), Audi argued, in part, plaintiffs cannot assert a cognizable Lemon Law claim because the vehicle was used primarily for commercial purposes.

On March 1, 2024, following oral argument, the trial court denied Audi's motion in an oral opinion.  The court found:

> The testimony that I have from [Hanus] is, he used the car to drive to and from work.  He did[ no]t use it for family purposes to bring his family to places, because number one, they had other bigger vehicles.  But, also because he did[ not] feel comfortable . . . having his kids in the car, because the car did[ not] always start.

The court noted "driving to work . . . is generally not a work purpose" and, based on the facts presented, the court did "not feel comfortable determining [on a motion for summary judgment] that driving the car to work and back home

---

[1]  Plaintiffs asserted other claims that are not the subject of this appeal.

from work is a work purpose that would make it not fall within . . . . the Lemon Law."

We granted Audi's motion for leave to appeal the denial of its motion for summary judgment on plaintiffs' Lemon Law claim. On appeal, Audi argues the undisputed facts establish the vehicle was used primarily for commercial purposes and it was entitled to summary judgment on plaintiffs' Lemon Law claim. Plaintiffs contend "[t]he issue[] of professional use as opposed to nonprofessional use is a matter of fact for the jury" and Audi's motion was properly denied on that basis.

We review a trial court's decision on a summary judgment motion "de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016) (citations omitted) (quoting R. 4:46-2(c)).]

A-2343-23

Whether a genuine issue of material fact exists depends on "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

In Singer, we concluded the Lemon Law "distinguishes passenger automobiles and commercial automobiles, excluding the latter from coverage." 476 N.J. Super. at 133. "In determining whether a vehicle is commercial or personal in nature, courts look to types of insurance and whether the vehicle was claimed on personal tax returns." Ibid.

The plaintiff in Singer leased the vehicle solely in his own name and used it "mostly for business purposes: selling insurance and visiting clients." Id. at 127. The plaintiff testified he "took business deductions or credits on his income taxes for the" vehicle. Id. at 133. Based on those facts, we concluded the vehicle "was used mostly for commercial purposes" and, as a result, plaintiff could not "demonstrate a cognizable Lemon Law claim." Ibid.

The facts of this case are more compelling. Here, plaintiffs leased the vehicle in the name of the commercial entity, H&P, as lessee and Hanus as co-

6

lessee. Hanus testified he leased the vehicle in the name of H&P "[b]ecause [he] intended to use it for business purposes" and it was leased "primarily for [his] business . . . ." His use of the vehicle was "[m]ore business" than personal and he did not consider the vehicle as a "family car."

Further supporting the conclusion that the vehicle was used primarily for commercial purposes, H&P paid all the costs of the lease, including all lease payments, and plaintiffs declared those costs as business expenses on H&P's income tax returns. H&P also paid all insurance premiums, registration fees, fuel expenses, repair and maintenance costs, and E-ZPass charges for the vehicle.

We are not persuaded by the implication that Hanus would have used the vehicle for personal use more often absent the alleged defects. Hanus testified that plaintiffs leased the vehicle primarily for business purposes and that is how the vehicle was used. The fact that Hanus rarely, if ever, used the vehicle to transport his family on weekends or outside of business hours further supports the conclusion that the vehicle was used primarily for commercial purposes.

"[W]hen the evidence is utterly one-sided," a judge may "decide that a party should prevail as a matter of law." Gilhooley v. Cnty. of Union, 164 N.J.

533, 546 (2000) (citing <u>Brill</u>, 142 N.J. at 540). That is the case here. Summary judgment should have been granted dismissing plaintiffs' Lemon Law claim.

The March 1, 2024 order denying Audi's motion for summary judgment on plaintiffs' Lemon Law claim is reversed. Remanded for further proceedings on plaintiffs' remaining claims. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2343-23